FRARY *against* DAKIN.

IN ERROR, from the mayor's court of the city of *Hudson.*

*Dakin* brought an action of *assumpsit* against *Frary,* in the court below, for work and labour, &c. *Frary* pleaded, 1. *Non assumpsit;* 2. His discharge under the insolvent act, " that on the 20th *October,* 1804, he personally appeared before *James Kent,* Esq. chief justice, and delivered to him, according to the act, entitled, an act for giving relief in cases of insolvency, an account, inventory and petition, with an affidavit thereunto annexed, whereupon the said justice did administer the oath prescribed by the said act to be taken by insolvent debtors; and appointed the 18th *December* ensuing, at, &c. as the time and place when and where the creditors of the said *Asa Frary* should be notified to show cause why an assignment of the said *Asa Frary's* estate should not be made, and he be discharged, according to the directions of the said act; and the said chief justice being satisfied that the said *Asa Frary* was justly and truly indebted to the subscribing petitioning creditors, in the sum by them mentioned, and the said sums, amounting, in the aggregate, to three fourths of all the debts of the said *Asa Frary,* and the said *Asa* having conformed in all things to those matters required of him, according to the true intent and meaning of the said act: Whereupon, the said chief justice, on the 18th day of *December,* 1804, directed an assignment of all the estate of the said *Asa Frary,* both in law and equity, in possession, reversion or remainder, to be made by him to *Noah Gridley,* the person nominated by the petitioning creditors, excepting the articles of bedding and wearing apparel, described, &c. And afterwards, on the said 18th *December,* the said *Asa* executed, under

If an insolvent who has obtained his discharge under the insolvent act, undertakes to plead specially, and to state all the proceedings in relation to his discharge, he must state a conformity, in every respect, to the directions of the act; and if he does not state the facts correctly, and especially if he omits to state, that at least three-fourths of his creditors in amount, subscribed to his petition, &c. so as to give the judge jurisdiction, the plea is bad.

his hand and seal, and delivered, in the presence of the said chief justice, a grant or assignment, by which he granted, &c. &c. Whereupon the said chief justice, by virtue of the power vested in him by the act aforesaid, and in pursuance thereof, did, then and there, to wit, at, &c. by a discharge under his hand and seal, bearing date, &c. which discharge, &c. is now here shown, &c. " discharge the said *Asa Frary* from all such debts as were due by him at the time of the assignment by him made as aforesaid, though contracted before that time, and payable afterwards, &c. By reason whereof," &c. To this plea there was a general demurrer and joinder, on which the court below gave judgment for the plaintiff. The issue was also tried, and found for the plaintiff, on which judgment was also rendered.

The question was, as to the validity of the second plea. The plaintiff in error stated several objections.

1. That the plea does not state that three fourths of the creditors in value, subscribed the petition in conjunction with the insolvent, and made the affidavit required by the act.

2. That it is not stated that the insolvent, at the time of presenting his petition, delivered to the chief justice an account of his creditors, and of the moneys owing to them, or an inventory of his estate, in the words of the act; and that only one affidavit is mentioned.

3. That it does not appear, nor is it stated, that the chief justice was satisfied, &c.

4. That it is not stated that there was any publication of a notice to the creditors to show cause, &c.

5. That the assignment is not in conformity to the act, the word " securities," being omitted.

6. That the certificate of discharge, was not executed in the presence of witnesses.

*E. Williams*, for the plaintiff, contended, that the plea

was sufficient. That by the liberality of courts, in mo-
dern times, less strictness was required. It is enough,
to show that the judge or court had jurisdiction, and
then to state generally a conformity to the act, and a sub-
sequent discharge. He cited *Service* v. *Heermance*, 1
*Johns. Rep.* 91. *Peebles* v. *Kettle*, 2 *Johns. Rep.* 363.

*Rodman*, contra. If the party undertakes to set out
all the facts, to bring himself within the statute, he
must state them correctly. He is not bound to plead
specially; but if he elects to do so, he must take care that
all the facts he relies on are truly and accurately set
forth. It must be shown that the judge has jurisdiction;
but unless three fourths of the creditors in amount sub-
scribed the petition, the judge had no jurisdiction.
Where a statute directs an assignment, and prescribes
certain words, those words must be exactly used. And
where a judge is required to do certain acts, it must be
shown that he has pursued the directions of the statute.
He cited 2 Ld. *Raym.* 1262. 1546. 2 *Stra.* 869. *S. C.*
2 *Wils.* 139. *Com. Rep.* 205. 2 *Salk.* 521, 522. 1 *Bos.
& Pull.* 448. 2 *Chitty's Plead.* 636. note (*a*). *Cruger*
v. *Cropsey*, 3 *Johns. Rep.* 242.

SPENCER, J. delivered the opinion of the court. There
are several exceptions to the plea, relating to omissions
in stating the proceedings according to the act; but a
decision as to the first and second objections, will dispose
of the rest.

The defendant below had his choice of three modes
of availing himself of his discharge.

1. The act authorizes the pleading of the general
issue, and giving his discharge in evidence.

2. He could have pleaded, that being an insolvent
debtor, within the true intent and meaning of the act,
he, in conjunction with three fourths of his creditors in
value, &c. did present his petition, stating it, and that

such proceedings were thereupon had, agreeably to the act, that the chief justice discharged him by a writing under his hand and seal, setting it forth, and concluding with a verification. Or,

3. He might plead the whole proceedings which took place, in relation to his discharge.

The decision of this court in the case of *Service* v. *Heermance*, (1 *Johns. Rep.* 91.) sanctioned the second method of pleading, which has been mentioned. It was held in that case, that a discharge under the insolvent act, might be pleaded, in the same manner as the proceedings of an inferior court were allowed to be pleaded; that it was sufficient to state enough to give the magistrate jurisdiction, and then, *taliter processum fuit*, that he was discharged by the magistrate. In the present case, the defendant below has not adopted that method; but has preferred to set out all the proceedings, or, in other words, has professed to state the particular occurrences which led to the discharge, &c. Having done so, he was bound to state a conformity, in every respect, to the directions of the act. The plea omits to state, that three fourths in value of the insolvent's creditors united in the petition, or that the accounts and inventory required by the act, were delivered to the judge. If, however, the same principle adopted in *Service* v. *Heermance* was extended to this plea, there is still a fatal omission; there is not enough stated to give the judge jurisdiction, for it is not alleged that three fourths of the insolvent's creditors in value, had, in conjunction with him, signed the petition.

It is an elementary principle in pleading, that every plea must be so pleaded as to be capable of trial; and, therefore, must consist of matter of fact, the existence of which may be tried by a jury, as an issue; or its sufficiency, as a matter of defence, determined by the court, on demurrer. (1 *Chitty's Plead.* 519.) There are but two instances that are recollected, in which the party is

allowed a general pleading; the one is in a case like the present, where, after stating the facts which give the judge jurisdiction, his discharge may be pleaded, without stating all the facts which took place; and the other is, where the stating of all the facts would lead to great prolixity and tediousness. In the first case, after enough is alleged to give jurisdiction, the law presumes that the judge did his duty, and required those things to be done which were necessary. In the other case, dispensing with the pleading all the facts is for the purpose of saving expense and unnecessary prolixity, in stating multifarious facts. 2 *Johns. Rep.* 413. and 5 *Johns. Rep.* 175.

The opinion of the court in *Service* v. *Heermance*, was principally founded on the case of *Ladbroke* and *Gyles* v. *James.* (*Willes*, 199.) The defendant, to prevent execution against his body, under the act of 10 *Geo.* II. after stating the time when the cause of action arose, so as to bring his case within the act, pleaded, that at a quarter sessions of the peace, held, &c. before, &c. " he was duly discharged from his imprisonment aforesaid." On a demurrer to the replication, the validity of the plea came under consideration; and the court unanimously held it to be bad; *Willes*, Ch. J. said, " that if it had appeared that the sessions had a jurisdiction, it would have been sufficient to have said generally, that the sessions had discharged him; but where an imprisonment is necessary, it must always be set forth, that the party was in prison, in order to give the justices jurisdiction; and (he observes) it is not set forth in the present plea, that the party surrendered himself, or was ever in prison." And in *Sollers* v. *Lawrence*, (*Willes*, 416.) Ch. J. *Willes* again states the rule, that it must appear by what is set forth in the record, that they had a jurisdiction. This observation was made when considering the acts of persons having a limited jurisdiction. It cannot be pretended, that the power given by

the legislature to the judges of the supreme court, under the insolvent act, constitutes each of them a court, in vacation, of general jurisdiction over insolvents. Though they act as a court in each case, their jurisdiction is limited by the act; and unless the insolvent presents a petition in conjunction with creditors, to whom he was indebted, at least, to three fourths of all the money owing by him, they have no jurisdiction of the case. This being then a necessary fact to give jurisdiction, it should have been explicitly stated; upon the same principle that the fact of imprisonment was held necessary to be stated in the case before cited. In that case, it was stated in the plea that the defendant was duly discharged from his imprisonment; and here, that the defendant appeared before the chief justice, and delivered to him according to the act, &c. the petition, &c. In both cases, it may, with some propriety, be said, that the pleas give jurisdiction. In the one case, if the defendant was duly discharged from imprisonment, it was to be intended he must have been in gaol; and in the other, if the petition was presented according to the act, that creditors to whom three fourths were due, must have united in it. But the law is not satisfied with inferences, when the fact itself is material, and may be traversed.

To uphold this plea, would be against all my ideas of good pleading, and I am sure it is without precedent. What fell from the court in *Cruger* v. *Cropsey*, (3 *Johns. Rep.* 242.) does not affect the question. There the plea was objected to on various grounds, and we only say it was bad; it was a correct opinion, delivered *instanter*, and without particular investigation. The judgment ought to be affirmed.

VAN NESS, J. having formerly been concerned as counsel in the cause, gave no opinion.

Judgment affirmed.