Per Curiam.

We have considered this case, since the last term. As the contract on which the judgment was founded, was made prior to the passing of the insolvent act of the 3d of April, 1811, we cannot distinguish it from the case of Sturges v. Crowninshield, (a) decided by the Supreme Court of the United States. The motion to set aside the execution must, therefore, be denied. Without entering into a further discussion of the question, we shall content ourselves with referring to the opinion of this court, in the case of Mather v. Bush, (b) at the last term, and with expressing our regret at the injurious consequences which must result from a decision which we have been compelled *to pronounce, in obedience to the constitution of the United States, and what is now the law of the land.
Motion denied.

*96
Cuse of Costs.

A question was submitted to the consideration of the court, as to the taxation of Costs; where a suit has been brought in this court, and, from the amount recovered, the plaintiff is entitled only to the costs of the Court of Common Pleas, whether, under the act of the 21st of April, (sess. 41. eh. 259.) to prevent abuses in the practice of the law, and to regúlate costs in certain cases, the amount of costs is to be limited to the supis specified in the tenth section of the act ?
The Court said that the plaintiff could recover only according to the existing rate of costs in the Court of Common Pleas.

 Vide 4 Wheaton’s Rep. 122.

 See note to Mather v. Bush, 16 Johns. Rep. 233. and the cases there cited.