NEW-YORK,
May, 1821.

ANDREWS
.v.
MONTGOMERY.

A judgment fairly obtained in another state, is conclusive evidence of a debt An action of assumpsit, therefore, will not lie on such a judgment.

Assumpsit does not lie where there is an express contract under seal, or a debt of record, though the party has expressly promised to perform such contract, or to pay the judgment.

It seems, that the proper plea to an action of debt, on a judgment in another state, is *nul tiel record*.

ANDREWS *against* MONTGOMERY and others.

THIS was an action of *assumpsit*, on a judgment recovered against the defendants, in *January*, 1815, in the Court of Common Pleas of the county of *Essex*, in the state of *New-Jersey*. The declaration contained four counts : the first was specially on the judgment, stating the promise to have been made " in the said county of *Essex*, in the state of *New-Jersey*, to wit : at the city, and in the county of *New-York*," where the venue was laid. The other counts were the common money counts. The defendant, *M.*, who alone appeared, pleaded, 1. Non-assumpsit ; 2. A discharge on the 21st of *June*, 1815, under the insolvent act of this state.

The plaintiff, after entering a *nolle prosequi* as to the three last counts in the declaration, replied specially, to the second plea, that the cause of action arose, and the promise in the first count was made in the state of *New-Jersey*, and not in the state of *New-York*. To this replication there was a demurrer and joinder.

The cause was brought to trial, on the general issue, at the *New-York* sittings, before Mr. Justice *Platt*, on the 21st of *April*, 1821. The plaintiff, in support of his demand, produced an exemplification of the judgment recovered in *New-Jersey*.

The defendant's counsel offered in evidence, his discharge under the insolvent act of this state. To this it was objected, by the plaintiff's counsel, that as the contract on which the suit was brought had been made in *New-Jersey*, a discharge obtained in this state, could not be set up to defeat the plaintiff's recovery.

The defendant's counsel insisted, that the discharge was a valid defence ; and that the action should have been *debt*, not *assumpsit*.

A verdict was taken for the plaintiff, for 651 dollars and 98 cents, subject to the opinion of the Court, on a case to be made.

*H. Warner*, for the plaintiff.

*Drake*, contra.

SPENCER, Ch. J. delivered the opinion of the Court.  In *Hitchcock* v. *Fitch & Aicken*, (1 *Caines' Rep.* 461.) it was decided, by a majority of the Judges, that a judgment rendered in the Supreme Court of *Vermont*, and on which an action of debt was brought in this Court, was to be considered in the light of a foreign judgment, and was only *prima facie* evidence of the demand.  As a necessary consequence of this decision, judgments rendered in one of the sister states were considered only as simple contract debts. (*Hubbel* v. *Cowdry*, 5 *Johns. Rep.* 132.) It was subsequently decided, that in order to rebut the *prima facie* evidence of the validity and justice of such judgments, the defendant must show their injustice, or that they had been unfairly and irregularly obtained ; and that matters proper for the determination of a jury, and which appeared, from the record, to have been fairly submitted to them, cannot be overhauled.  When it appeared, that the defendant was never within the jurisdiction of the Court, or where goods only have been attached, the effect of the judgment may be avoided. (*Borden* v. *Fitch*, 15 *Johns. Rep.* 121. and the cases there cited.)

In the case of *Mills* v. *Duryee*, (7 *Cranch's Rep.* 481.) decided in the Supreme Court of the *United States*, an exposition was given of the constitutional provision, that " full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state ; and that Congress may, by general laws, prescribe the manner in which such acts, records and proceedings, shall be proved, and the effect thereof;" and, also, of the act of Congress of the 26th of *May*, 1790, providing the mode of authenticating the records and judicial proceedings of the state Courts, and declaring, " that the records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every Court within the *United States*, as they have, by law or usage in the Courts of the state from whence the said records are, or shall be taken."

Mr. Justice *Story,* who pronounced the judgment of the Court, says, it is argued, that this act provides only for the admission of such records *as evidence,* but does not declare *the effect* of such evidence when admitted. This argument (he says) cannot be supported. The act declares, that the record duly authenticated shall have such faith and credit as it has in the state Court from whence it is taken. If, in such Court, it has the faith and credit of evidence of the highest nature, to wit: *record evidence,* it must have the same faith and credit in every other Court. Congress have, therefore, declared *the effect* of the record, by declaring what faith and credit shall be given to it. It remains only, then, to inquire, (he adds,) in every case, what is the effect of a judgment in the state where it is rendered. And he proceeds to observe, that if the judgment was conclusive upon the parties in the state where it is rendered, it must be conclusive here also. Upon these principles, it was decided, that *nil debet* to an action of debt on a judgment rendered in another state was a bad plea, and that the judgment could only be denied by the plea of *nul tiel record.*

In *Borden* v. *Fitch,* this Court did not believe, that the decision in *Mills* v. *Duryee* was intended to be carried so far as to preclude the party against whom it was rendered, from showing that such judgment was fraudulently obtained, or that the state Court had not jurisdiction of the person of the defendant. With these qualifications, we are bound, by the authority of that case, to consider a judgment, fairly and regularly obtained in another state, as full and conclusive evidence of the matter adjudicated. In the present case, we are bound to consider the judgment set forth in the declaration, as a debt of record due from the defendants to the plaintiff. Independently of the consideration, that a decision of the Supreme Court of the *United States,* is entitled to the highest respect, in all cases, a decision upon provisions of the constitution, is, emphatically, entitled to our utmost respect. I consider that Court as paramount, when deciding on an article of the constitution, and an act of Congress passed under its express injunction ; and whatever might be my individual opinion, I should feel it my duty to surrender it to their controling authority. I must,

however, be permitted to say, that the opinion expressed by Mr. Justice *Story*, coincided entirely with my private opinion; and that I never have believed the decision in *Hitchcock* v. *Fitch & Aikin* to be well founded:

The plaintiff has counted upon the judgment in *New Jersey*, as a simple contract; and, accordingly, it is set forth as a promise to pay the amount adjudicated. Now, it is well settled, that *assumpsit* cannot be supported, where there has been an express contract, under seal, or of record; but the party must proceed in debt or covenant, where the contract is under seal, or in debt, if it be of record, even though the debtor, after such contract were made, expressly promised to perform it. (1 *Chitty*, 94. and the numerous cases there referred to.) In *Pease* v. *Howard*, (14 *Johns. Rep.* 479.) this Court decided that a judgment in a Justice's Court was not within the statute of limitations, like a foreign judgment, and that it was in the nature of a specialty. The judgment recovered in *New-Jersey* being admitted by the pleadings, and standing totally unimpeached, we are bound to consider it as fairly and justly obtained, and as establishing a debt of record against the defendant. It is not, therefore, merely *prima facie* evidence of a debt, like a foreign judgment, but absolute and decisive evidence of a debt. *Assumpsit* then will not lie upon it; and without examining the pleas, as it is impossible to support the plaintiff's action, be they ever so bad, the defendant must have judgment.

Judgment for the defendant.

END OF MAY TERM.