UTICA,
August, 1823.

WYMAN
v.
MITCHELL.

## WYMAN *against* MITCHELL.

The plea of an insolvent discharge, under the act of April 12th, 1813,(*Sess.* 36, *ch.* 38, 1 *R. L.* 460) must expressly aver, that the defendant at the time he applied for the discharge, was an inhabitant of the county in which his application was made.

This is essential, in order to give the judge jurisdiction.

The want of proper averments to give jurisdiction, cannot be supplied by the recital in the discharge;

For the presumption, that the judge did his duty, and required those things to be done which should be done, does not arise, till after jurisdiction is sufficiently alleged.

DEBT, on a judgment of this Court for $518,68, of *August Term*, 1816, *upon promises.* Plea, that the defendant, on the 17*th October*, 1817, at *Rensselaerville*, in the county of *Albany, being then and there an insolvent debtor*, &c. did, &c. petition *A. Moore*, first judge of said county, &c. and on the 30*th December*, 1817, was discharged under the insolvent act of this state, passed *April* 12*th*, 1813. The discharge recited, that the defendant, *of the city of Albany, &c.* presented his petition, &c. Replication, that the judgment declared on, was rendered upon a judgment obtained on the 3*d Tuesday* of *November*, 1814, for $672,95, damages, and $28,65, costs, in the Circuit Court of Common Pleas, held in *Portland*, in the county of *Cumberland*, in that part of the Commonwealth of *Massachusetts*, which is now the state of *Maine*, which last judgment was rendered upon certain notes in writing, promises or assumptions, made by the defendant to the plaintiff in *Maine*, two of which said notes in writing, promises or assumptions, were made *March* 25*th*, 1813, and the other, *March* 13*th*, 1813 ; all of which notes were to have been paid, &c. at *Maine*.

General demurrer, and joinder.

In an action on a judgment, rendered in this court, the plaintiff is not estopped to shew, that the judgment here was rendered on another judgment, in a neighbouring state, which latter judgment was rendered on a contract made, and to be performed there, before the passage of our insolvent law ; and thus to avoid the operation of a discharge under that law which is pleaded here to an action on the last judgment.

A replication, setting out these facts, is not a departure ; though the judgment, as declared on, purports to have been upon promises :

Nor is the plaintiff, for that reason, estopped to deny, that it is, in fact, upon a judgment.

A replication, which supports and fortifies the declaration, is not a departure.

A contract made before the act of April 12th, 1813, is not affected by a discharge under that act :

Nor is a contract made, and to be performed in another state ; though made subsequent to the act.

A judgment is in no sense a contract or agreement between the parties :

It is merely evidence of a pre-existing debt or duty, obligation or agreement.

On demurrer, the one who commits the first fault in pleading, shall have judgment against him.

*Esleeck*, in support of the demurrer. 1. The replication does not shew the immediate debt, for which this action is brought, to have existed previous to *April 12th*, 1813. By the judgment here, the original debt was merged, so that no action could be maintained upon it ;(a) nor can the original indebtedness be inquired into, for any purpose. Both judgments were subsequent to the statute ; and the plaintiff might as well go back to the consideration of the notes, as the ground of the judgments. By obtaining judgment, the plaintiff has acquired greater power over the person and property of the defendant ; of which he ought not to be deprived. The plaintiff is estopped by the judgment, to say, that the original indebtedness was previous to the act.(b) In applying for his discharge, the defendant must have inventoried the judgment, as the only existing debt, against which the discharge was to operate. In the cases cited, the time of the original contract appeared upon the record, beyond which, the Court will not inquire. The nature of these contracts, in this case, is not shewn, nor when they were to be performed. What the notes were, does not appear. They might have been contingent, or uncertain contracts, which could not have been, from their very nature, affected by the discharge, till reduced to certainty by the verdict of a jury. Again : The time from which the act was to take effect, not being mentioned, it relates to the commencement of the session ; and thus overreaches the time of the contract.

The judgment here purports to have been upon promises. The plaintiff is, therefore, estopped to say, it is on the *Maine* judgment. An implied promise cannot be raised on a judgment or specialty.(c)

2. The replication is a departure. The declaration alleges a judgment upon *promises*. The replication is grounded on a judgment for another cause. Assumpsit cannot be maintained on the judgment of a neighbouring state.(d) Besides, the judgment declared on, is for $518,68 ; the judgment in *Maine*, is alleged to be for more, without shewing any part of it paid.(e)

*J. Paine*, contra. 1. The discharge is void as against the original foundation of this action, into which we have a

WYMAN
v.
MITCHELL.

(a) 1 Ch. Pl. 94 to 96, and the cases there cited.

(b) In the matter of Wendell, 19 John. 153. Mather & Strong v. Bush, 16 id. 233.

(c) 1 Ch. Pt. 95 to 96.

(d) Andrews v. Montgomery, 19 John. 162. 7 Cranch, 481.

(e) 1 Ch. Pl. 618. 2 Saund. 84 a. n (1) ; and cases there cited.

(f) 19 John. 153.
(g) 16 John. 233.
(h) 17 id. 108.

(i) Sturges v. Crowninshield, 4 Wheat. 122. M'Millan v. M'Niel, id. 209. Mather & Strong v. Bush, 19 John. 233. Rosevelt v. Cebra, 17 John. 118. Farmers and Mechanics Bank of Pennsylvania v. Smith, 6 Wheat. 131.
(j) 1 R. L. 461.

(k) Rosevelt v. Kellogg, 20 John. 210.

(l) 1 Ch. Pl. 618.

(m) id. 621.

right to inquire. This was the *notes*, given in *Maine*. The recovery of the judgments does not vary the case. In the matter of *Wendell*,(f) the judgment was in 1816, on a note in 1812; the discharge was in 1817. The Court looked beyond the judgment, to the contract upon which it was rendered. In *Mather & Strong* v. *Bush*,(g) and *Rosevelt* v. *Cebra*,(h) this Court expressly admit, that our insolvent laws are void, as to all contracts, except those made in this state, during the operation of the law under which the discharge is granted. The Court, then, need not go back beyond the judgment in *Maine*, to see that the discharge can have no effect. But they will not feel themselves confined to that judgment. They will look to the contracts. No matter when these were to be performed. The time of making, or whether made and to be executed without the state, is alone material.(i)

2. The plea does not give the Judge jurisdiction. The act (j) requires the debtor to apply *in the county of which he is an inhabitant.* This should have been averred expressly, as a fact existing, at the time of presenting the petition.(k) The words of the plea, *being then and there an insolvent debtor*, do not extend to his *inhabitancy*, nor does this follow from his being mentioned in the discharge as *of the city of Albany.* Besides, these are not averments, and cannot be traversed as such.

The replication is not a departure; which is, where a party quits, or departs from the cause or defence, which he has first made, and has recourse to another.(l) Matter, which maintains or fortifies the declaration or plea, is not a departure.(m) A full illustration of this doctrine, will be found in 2 *Saund.* 84, n. (1)

WOODWORTH, J. The defendant's plea does not state enough to give the Judge jurisdiction. The act requires application to be made in the county, of which the person applying is an inhabitant. The plea alleges, that the defendant, at *Rensselaerville*, in the county of *Albany*, was an *insolvent debtor*, within the meaning of the act. There is no averment that he was an *inhabitant*. The rule is, that

the defendant must show, affirmatively, that the officer had jurisdiction. The want of a proper averment cannot be supplied by the discharge itself. The presumption, that the Judge did his duty, and required those things to be done which were necessary, does not arise until after jurisdiction is sufficiently alleged. (1 *John.* 91.  7 *John.* 75.  20 *John.* 210.)  This objection, however, would probably be removed, if the defendant is allowed to amend.  The facts stated in the replication show, that the contract, on which the judgments were rendered, was made prior to the passing of the act under which the defendant was discharged.  It cannot be successfully contended, that the plaintiff is estopped from proving the origin of his demand, because it is reduced to a judgment.  The doctrine of *merger* is unconnected with the question.  In the matter of *Wendell,* (19 *John.* 153) judgment was rendered against the insolvent, in 1816, on a note given in 1812.  The discharge was in 1817.  In this case, the simple contract was merged ; yet the Court do not consider the judgment as fixing the time when the cause of action accrued, so as to give effect to the discharge, but that the contract was made when the note was given.  It was, then, competent for the plaintiff to show that the original demand was prior to the passing of the act.  The replication, setting out these facts, is not a departure from the cause of action in the declaration, but matter which maintains and fortifies it.  (1 *Chitt.* 618, 621.)

It is objected, however, that there is a departure, because the judgment declared on is alleged to have been rendered for the non-performance of *promises and undertakings ;* that the judgment, set out in the replication, will not support an action of assumpsit, and, consequently, cannot be the ground of the judgment on which the defendant is prosecuted.  In *Hitchcock* v. *Fitch* & *Aiken,* (1 *Caines,* 461) this Court held, that a judgment, rendered in the Supreme Court of *Vermont,* was to be considered in the light of a foreign judgment ; and was only, *prima facie,* evidence of the demand.  In *Andrews* v. *Montgomery,* (19 *John.* 162) it was held, that assumpsit would not lie on a judgment obtained in a sister state.  This last case was governed by that of *Mills* v. *Duryee,* (7 *Cranch,*

UTICA,
August, 1823.

WYMAN
v.
MITCHELL.

481) in which an exposition was given of the constitutional provision respecting the *publick acts*, *records*, and *judicial proceedings*, of the several states. Previous to the case of *Andrews* v. *Montgomery*, it is believed, that the profession, in declaring on judgments of other states, treated them as foreign judgments, on which assumpsit would lie, notwithstanding the decision in 7 *Cranch*, which does not appear to have been drawn in question or acted upon here, until the case of *Andrews* v. *Montgomery*. This may serve to explain why assumpsit was brought on the first judgment. The defendant might have defended himself on that ground ; but his misapprehension of the law, as to the effect of a judgment in another state, cannot, by any rule with which I am acquainted, prevent the plaintiff from alleging, that, *in fact*, the judgment here was founded on the judgment of another state. The inquiry is not whether the judgment in *Massachusetts* will support assumpsit, but whether the plaintiff prosecuted and recovered on it here, in that form of action. That he did, I think, is admitted by the demurrer. The notes on which the first judgment was obtained, were prior to the insolvent act of *April* 12, 1813; and, consequently, a discharge, under that act, does not discharge the debt in question, the act being so far unconstitutional and void, as impairing the obligation of contracts. (*Mather & Strong* v. *Bush*, 15 *John.* 233. *Rosevelt* v. *Cebra*, 17 *John.* 108. 4 *Wheat.* 122.) The plaintiff is entitled to judgment.

SUTHERLAND, J. The principal question which arises in the case, is, whether the plaintiff is at liberty to trace back the judgment upon which the suit is immediately brought, through the judgment obtained in *Massachusetts*, to the original notes, or contracts, upon which that judgment was founded; or, in other words, *whether those notes are, for the purposes of the present question, the contracts upon which this suit is brought.* If they are, then, having been made before the passage of the act under which the defendant was discharged, his discharge will not affect the plaintiff's right of action, even if the notes had been made and were payable in this state. But they were made and were payable in an-

either state, which would take them out of the operation of the discharge, though they had been made after the passing of the act. The original undertaking of the defendant was, undoubtedly, so merged in the judgment, that no suit could be maintained upon it. But I see no objection, in principle, to permitting an inquiry into the time of making the agreement, or contract, upon which the first judgment was founded, for the purpose of taking the case out of the operation of the defendant's discharge.

It is the settled law of this land, that a discharge, under our insolvent act, operates upon all contracts made between citizens of this state, subsequent to the passing of the act. The discharge is, in such a case, held not to violate the obligation of contracts; because, being made after the law, the parties are presumed to have had reference to the law, and, impliedly, to have made it a part of the contract. Now a judgment is, in no sense, a contract or agreement between the parties. It is only evidence of a pre-existing duty, obligation, or agreement; and the reason upon which the validity of a discharge is sustained, can have no application to a debt arising upon a judgment obtained subsequent to the passing of the act, when the agreement, which was the foundation of the judgment, was made anterior to the act. But, it may be asked, where are we to stop in this inquiry into the foundation of the judgment? Are we to go back into the original consideration of the first contract, however remote it may be, and notwithstanding it may have been followed by a subsequent agreement between the parties? I answer, no. We are to go no farther back, than until we come to a contract, or agreement, between the parties. At this point, then, the inquiry arises, was the insolvent law then in force? If so, in legal contemplation, it was a part of the contract, and a discharge under it may operate upon the contract, without impairing its obligation.

There is no force in the objection, that the replication is a departure from the declaration. It sets up no new cause of action, inconsistent with that originally stated. On the contrary, the new matter is merely explanatory of the declara-

UTICA,
August, 1823.

tion, and tending to fortify and support it.(g)   But, if the replication were bad, still the plaintiff would be entitled to judgment; for the defendant's plea is clearly so, in as much as it does not aver that he was an inhabitant of the county of *Albany*, at the time of applying for his discharge.   This was necessary to give the Judge jurisdiction, and is indispensably necessary to be stated.   (*Service* v. *Heermance*, 1 *John. Rep.* 91.   *Frary* v. *Dakin*, 7 *John. Rep.* 75.   *Roosevelt* v. *Kellogg*, 20 *John. Rep.* 208.)

SAVAGE, Ch. J. concurred.

Judgment for the plaintiff.

