### DAVID N. CARPENTER *vs.* ZADOCK KING.

When two persons jointly, or jointly and severally, sign an obligation for the payment of money, one of them may show, by evidence *aliunde*, that he was surety for the other.

In an action of debt on judgment, brought against a surviving judgment debtor, who signed the obligation on which the judgment was rendered, jointly or jointly and severally with the other judgment debtor, he may show, by evidence *aliunde*, that he signed that obligation as surety for the other debtor.

If a creditor informs a surety that the debt is paid by the principal, and the surety afterwards relinquishes security which was given to him by the principal, this is a good defence to an action brought by the creditor against the surety, though the creditor did not intend to deceive or mislead him.

DEBT on a judgment of this court, recovered by the plaintiff, at the September term in Franklin county, in 1842, against Cyrus Alden and the defendant, for the sum of $1006·49 damages, and $15·46 costs. The declaration alleged that said Alden had since deceased, and that said judgment remained unsatisfied in part, viz. for the sum of $529·70. The defendant pleaded the general issue, and filed the following specifications of defence : " 1st. That the judg-

ment declared on has been paid.   2d. That said judgment was obtained against the defendant as surety for Cyrus Alden (who is since deceased insolvent) to the plaintiff, on a note ; and for the payment of the debt, for which the defendant was surety, said Alden furnished sufficient security to the defendant ; and the defendant, by means of untrue representations, made to him by the plaintiff, that said judgment was paid, was induced to relinquish and discharge said security, so that he has now no means of securing himself as surety as aforesaid.   3d. That the plaintiff obtained execution on said judgment at a time when said Alden had sufficient property, which might have been levied upon to satisfy said execution ; and the plaintiff afterwards, without the request or assent of the defendant, caused the said execution to be withdrawn, unsatisfied.   4th. That the plaintiff has fraudulently, and with intent to injure and defraud the defendant, done the acts specified in the 2d and 3d specifications."

The plaintiff's counsel objected, that the facts set forth in the 2d, 3d and 4th specifications, if admitted to be true, would constitute no defence to the action, and that evidence to prove such facts was inadmissible.

The judge before whom the trial was had ruled, 1st, that testimony to prove the acts set forth in the 2d, 3d and 4th specifications, as a defence to the action, was inadmissible ; and 2d, that testimony to prove the acts set forth in the 2d, 3d and 4th specifications, as evidence of payment under the 1st specification, was inadmissible.

The defendant then offered Aaron Buddington, as a witness under the 1st specification, to testify that he heard the plaintiff tell the defendant, in November 1842, at Leyden, that said judgment had been paid.   The plaintiff objected to this testimony, and the judge excluded it.   The defendant then offered said Buddington to prove that, at the same time and place, he heard the plaintiff tell the defendant that said judgment had been paid by the note of a third person.   The plaintiff objected to this testimony, and it was excluded.   A verdict was returned for the plaintiff, and the defendant alleged ex-ceptions

*Devens,* for the defendant.    The plaintiff's oral statement that the judgment was paid was admissible in evidence.    A receipt, which is as open to explanation and contradiction as oral statements, is evidence of payment of a judgment.    See *Hammatt* v. *Wyman,* 9 Mass. 138.    *Lewis* v. *Palmer,* 6 Wend. 368.    *Brown* v. *Feeter,* 7 Wend. 301.

The facts stated in the 2d and 3d specifications constitute a good defence.    *King* v. *Baldwin,* 17 Johns. 384.    *Baker* v. *Briggs,* 8 Pick. 128.    *Rees* v. *Berrington,* 2 Ves. jr. 542.    *Boston Hat Manufactory* v. *Messinger,* 2 Pick. 223.    *Harris* v. *Brooks,* 21 Pick. 195.    *Smith* v. *Bing,* 3 Ham. 33.    *McDonald* v. *Neilson,* 2 Cow. 193.    *Dearborn* v. *Cross,* 7 Cow. 48.    *Lau* v. *East India Co.,* 4 Ves. 824.    Those facts would estop the plaintiff to enforce the judgment.    *Dewey* v. *Field,* 4 Met 384, 385.    *Parker* v. *Barker,* 2 Met. 431.    *Rangely* v. *Spring,* 8 Shepley, 137.    Greenl. on Ev. §§ 207, 212.

*Alvord,* for the plaintiff.    The 2d specification sets forth no legal defence.    In 1 Chit. Pl. (6th Amer. ed.) 506, there is a tabular statement of pleas to debt on judgment, but no such plea or defence as is here relied on is there found.    The defendant is not now a surety, though he may have been a surety on the original note.    But the note is merged in the judgment.    *Ward* v. *Johnson,* 13 Mass. 148.    *Andrews* v. *Smith,* 9 Wend. 53.    The defendant can have no defence to the judgment which Alden could not have had.

A judgment or specialty cannot be released or discharged, except by a sealed instrument.    *Bulteel* v. *Jarrold,* 8 Price, 467.    *Davey* v. *Prendergrass,* 5 Barn. & Ald. 187.    *Crane* v. *Newell,* 2 Pick. 612, and cases there cited.    *Sewall* v. *Sparrow,* 16 Mass. 24.

The 3d specification shows no defence.    *Hunt* v. *Bridgham,* 2 Pick. 581.    *Bellows* v. *Lovell,* 5 Pick. 307.    *Frye* v. *Barker,* 4 Pick. 382.    Theobald on Prin. & Surety, § 156.    And the 4th specification is merely a repetition of the 2d and 3d. The 1st specification is objected to, not because payment is not a defence, but because the evidence of payment which was offered was not competent.

*Davis,* in reply.   Though the original contract is merged in the judgment, yet the court, in a question on the judgment, may examine the contract on which it was rendered.   *Wyman* v. *Mitchell,* 1 Cow. 316.   *Betts* v. *Bagley,* 12 Pick. 580.

The decision was made at September term 1846.

SHAW, C. J.   There are several grounds, appearing in the bill of exceptions, upon which the court are of opinion that a new trial must be granted.   But as both parties have re quested the opinion of the court upon one aspect of the case, which we suppose embraces its true merits, and may be decisive, we have so considered it.   We assume then, that King, the defendant, entered into a contract, by promissory note, jointly, or jointly and severally, with Cyrus Alden, for the payment of money to the plaintiff; that the note did not express that either was principal or surety; that in point of fact, if it is competent to prove it by evidence *aliunde,* King was surety for Alden, and that known to the plaintiff; that Alden gave the defendant security to indemnify him against such liability; that an action was brought and a joint judgment recovered against Alden and the defendant, which was satisfied in part only; that the plaintiff, not intending to deceive or defraud the defendant, informed him, that the debt was paid in full, when in fact it was not so; after which, the defendant relinquished his security, Alden died insolvent, and this action was brought against the defendant, as survivor, to recover the balance of the judgment.

This case, we think, presents three questions: 1st. Whether it is competent, when two or more have signed an obligation for the payment of money jointly, or jointly and severally, for one to show, by evidence *aliunde,* that he was surety for the other.   2d. Whether, if such evidence were admissible in a suit on the original contract, that contract is merged and consolidated by the judgment, so that a new debt arises, in which all must be deemed principals, and so that, in an action of debt on the judgment, it is no longer competent to go into evidence *aliunde,* to show that the defendant was surety. **3d.** Whether, if a creditor, without any intention to deceive

or mislead a surety, informs him that the debt is paid by the principal, and the surety afterwards relinquishes his security, this is a good defence in a suit against the surety.

1. It appears to us very clear, that the fact may be proved, by any competent evidence, that, in a contract executed by two, one was principal and one surety, and that it is not necessary that it should so appear by the contract. It is a fact collateral to the contract, and no part of it. It may appear in the body of the instrument, or the term " principal " may be annexed to the signature of the one, and " surety " to that of the other. In that case, the fact and notice of it accompany the note or obligation, into whose hands soever the same may come. Still it is a collateral fact, showing the relation in which the promisors stand to each other. *Baker* v. *Briggs*, 8 Pick. 122. *Harris* v. *Brooks*, 21 Pick. 195. In the last case, the point was directly decided. So, in order to ascertain the relation of the promisors to each other, with a view to a remedy, when one pays the whole, or more than an aliquot part. These remedies are not secured by the original contract, and form no part of it ; they are given by law, and do not depend on the fact of their having united in signing the instrument. The instrument is resorted to for the purpose of showing that both were bound. Therefore, where parties were sureties, on different bonds, for the same debt or duty, the law gave a remedy for contribution, in the same manner as if they had united in signing the same bond. *Deering* v. *Earl of Winchelsea*, 2 Bos. & Pul. 270. So where two or more have signed a note, not designating either as principal or surety, *primâ facie* both are principals, and if either pay the whole, he shall have contribution. But it may be always shown by evidence *aliunde*, as between themselves, that the note was made wholly for the accommodation of one, showing him to be the principal debtor. If he pay the whole, he has no contribution ; if the other pay the whole, he shall have an action for money paid, for the whole amount. *Austin* v. *Boyd*, 24 Pick. 64.

2. Nor do we think that any change, in this respect, is

made in the rights of the parties, by the judgment. The proof offered does not contradict the judgment. The original cause of action, as between the parties, is merged by a judgment, because the judgment itself is a security of a higher nature. But when it becomes necessary to inquire and ascertain on what contract a judgment was rendered, it may be done. *Wyman* v. *Mitchell*, 1 Cow. 316. There is the same reason for admitting evidence *aliunde*, to show the relations of parties who are joint debtors in a judgment, as in a contract. *Primâ facie*, they are equally as well as jointly liable. Take the common case of a bond, where on the face of it one is principal and the other surety, yet the judgment is joint. By the record, apparently, both are principal debtors. If the grounds of the judgment could not be inquired into, so as to rebut the presumption of an equal liability, the surety, in case of paying the judgment, would have no remedy over against his principal for money paid ; and in case the principal should pay it, he would have an action against his own surety for contribution. If it can be inquired into, to adjust the relations of the debtors to each other, it can be to determine the relation of the creditor to each debtor, where the fact becomes material to the respective rights. Suppose the creditor himself holds collateral security of the principal ; it has been often decided that the surety is entitled to the benefit of it, and if the creditor voluntarily surrenders it, he discharges the surety wholly or *pro tanto*. *Hayes* v. *Ward*, 4 Johns. Ch. 123. Would not this principle apply, as well after a joint judgment against the debtors as before ? And yet it would involve the necessity of an inquiry into the judgment, to show that it was rendered on a contract in which one was principal and the other surety. The judgment is technically a security of a higher nature, but it is a security for the same debt or duty, as the contract on which it is founded. *Davis* v. *Maynard*, 9 Mass. 242. So if a judgment be rendered on several demands, for some of which a third person is liable, but not for all, the fact may be shown by evidence *aliunde*. *Stedman* v. *Eveleth*, 6 Met. 114.

3. In regard to the other point, we consider it well settled, by numerous authorities, that when a creditor, who knows that one debtor is a surety, gives him notice that the debt is paid by the principal, and such debtor, in consequence, changes his situation, as by surrendering security, or forbearing to obtain security when he might, or otherwise suffers loss by it, he is discharged. And although the debt has not been paid, and such notice was given by mistake, and without any fraudulent design, it is a mistake made at his own peril, and he shall rather bear the loss than throw it upon one who has been misled by it. *Baker* v. *Briggs*, 8 Pick. 122. *Harris* v. *Brooks*, 21 Pick. 195. Greenl. on Ev. §§ 207, 212. *Dewey* v. *Field*, 4 Met. 381. In general, that which would afford a surety a remedy in equity against his creditor, by injunction, is a good defence at law, when suit is against the surety alone. *King* v. *Baldwin*, 2 Johns. Ch. 554, and 17 Johns. 384. A doubt was suggested in *Baker* v. *Briggs*, 8 Pick. 128, whether the surety could avail himself, in any form, of such matter of defence, in a joint suit against him and the principal; a doubt which has not been resolved, that we are aware of, by any subsequent judicial decision. Here the point does not arise, because the suit is against the surety alone, as survivor.

*Verdict set aside, and a new trial granted*