## CARTER a. KOEZLEY.

*New York Superior Court; General Term, December,* 1861.

PLEADING.—SUFFICIENCY OF ANSWER.—DETERMINATION OF OFFICER OF SPECIAL JURISDICTION.

It is essential to the sufficiency of an answer stating new matter as a defence, that it state facts which, if true, will bar the action or so much of it as is attempted to be answered.

Under section 161 of the Code, it is necessary in pleading the determination of an officer of special jurisdiction, to designate the officer,—an averment that such determination was duly made, is insufficient.

In an action to recover possession of real property, the answer averred that at the commencement of the action defendant was in possession, as assignee, of a lease of a specified date for an unexpired term, by the Mayor, &c., of New York, in pursuance of a sale of the premises, by them duly made, on a day named, for the non-payment of a tax duly imposed thereon ;—*Held*, insufficient.

Appeal from an order overruling a demurrer to part of an answer.

This action was brought by George Carter against Frederick Koezley, to recover possession of a lot of land in 83d street, in the city of New York, with damages for withholding.

The answer set up, besides a general denial, the following defences:

*Second.* For a further and separate answer defendant alleges that on or about the 26th of April, 1853, two certain lots, known as numbers 14 and 15 on the Ward Map of the city of New York, for the 19th Ward, situate between 2d and 3d Avenues, and 83d and 84th streets, New York, were duly sold, in pursuance of the statute in such case made and provided, by the mayor, aldermen, and commonalty of the city of New York, to one Arthur Ross, for the term of twenty years, for the non-payment of a tax duly imposed thereon, in pursuance of the statute in such case made and provided; and that the said mayor, aldermen, and commonalty did thereupon, in pursuance of the statute in such case made and provided, and on or about the 27th of April, 1855, duly execute, acknowledge, and deliver to said Arthur Ross in writing, in due form of law, a lease of said lots numbers 14 and 15, for the term of twenty years then next ensuing ; that afterwards, and on or about the 20th of January, 1859, said Arthur Ross, by an instrument in writing under his hand and seal, duly sold, conveyed, and transferred to this defendant the above-mentioned lease, and all his right, title, and interest in and to the same ; and that at the time of the commencement of this action this defendant had and now has a leasehold interest in and to, and a right to the possession of said lot known as No. 15, under and by virtue of said lease, and said assignment, which said lot is the lot described in the complaint.

*Third.* This defendant for a further answer states and shows, that on or about the 14th of June, 1852, a certain lot known as No. 15 on the Ward Map of the city of New York, for the 19th Ward, situate between 2d and 3d Avenues, and 83d and 84th streets, was, among other property, duly sold by the mayor, aldermen, and commonalty of the city of New York, in pursuance of the statute in such case made and provided, to one Arthur Ross, for an unpaid tax duly imposed thereon, in

Carter *a*. Koezley.

pursuance of the statute in such case made and provided; and that thereupon, and on or about the 18th of June, 1854, said mayor, aldermen, and commonalty duly executed, acknowledged, and delivered, in pursuance of the statute in such case made and provided, a lease of the same in writing, in due form of law, to said Arthur Ross, for the term of one hundred years then next ensuing, which lease was duly recorded in the office of the register of the city and county of New York, May 22d, 1858, in Liber 761 of Conveyances, p. 125 ; and that thereupon, upon the execution of said lease last above mentioned, said Arthur Ross duly went into the possession of said lot No. 15; that afterwards, and on or about the 22d of April, 1856, said Arthur Ross having a leasehold interest in and to said lot No. 15 for a term of 98 years or thereabouts then next ensuing, and being in possession thereof, duly executed, acknowledged, and delivered, to one William M. Baldwin, a lease in writing, in due form of law, of said lot No. 15, for and during the term of 15 years then next ensuing, which last-mentioned lease was duly recorded in the office of the register of the city and county of New York, in Liber 765 of Conveyances, p. 637, January 21, 1859 ; and that thereupon said Baldwin, upon the execution of said lease, duly entered into possession of said lot No. 15. That afterwards, and on the 19th of January, 1859, said Baldwin, by an instrument in writing under his hand and seal, duly executed, acknowledged, and delivered to this defendant an assignment of said lease last above mentioned, which assignment was duly recorded in the office of the register of the city and county of New York, January 21, 1859, in Liber 765 of Conveyances, p. 626; that on or about the 19th of January, 1859, said Arthur Ross, by an instrument in writing under his hand and seal duly executed, acknowledged, and delivered to this defendant an assignment of all his right, title, and interest in and to the above-mentioned lease from the said mayor, aldermen, and commonalty to said Ross, bearing date on or about June 19, 1854, of and to said lot No. 15, which assignment was duly recorded in the office of the register of the city and county of New York, January 21, 1859, in Liber 765 of Conveyances, p. 625. That by reason of the matters above set forth, this defendant had at the time of the commencement of this action, and now has, a leasehold interest in and to said lot No. 15, and

a right to the possession thereof, which lot embraces a portion of the premises mentioned in the complaint.

To the second and third defences the plaintiff demurred for insufficiency. The demurrer was overruled at special term, whereupon plaintiff took the present appeal.

*John Townshend,* for the appellant.

*Townsend & Levinger,* for the respondent.

BY THE COURT.*—BOSWORTH, C. J.—Neither of the defences demurred to states when, by whom, for what cause, or under what statute, the alleged tax was "imposed" on the premises in question: neither does it state the amount of the tax imposed, nor expressly aver that any part of it was unpaid at the time of the alleged sale of the said premises.

That such a plea was bad on general demurrer prior to the Code, is settled by the cases of Frary *a.* Dakin (7 *Johns.,* 75), Morgan *a.* Dyer (10 *Ib.,* 161), Wyman *a.* Mitchell (1 *Cow.,* 316), Dakin *a.* Hudson (6 *Ib.,* 220), Bowman *a.* Russ (*Ib.,* 234), Sheldon *a.* Hopkin (7 *Wend.,* 435), and City of Buffalo *a.* Holloway (7 *N. Y.,* 493).

It is as essential to the sufficiency of an answer under the Code stating new matter as a defence, as to that of a special plea prior to the Code, that it state facts which, if true, will bar the action, or so much of it as is attempted to be answered.

The Code has not introduced any new definition of the word *fact,* nor any new test of the sufficiency of new matter which will constitute a defence.

Section 161 of the Code does not aid the answers in question. They do not allege, nor purport to allege, a judgment or other determination of a designated court or officer of special jurisdiction. If the imposition of a tax upon real property under any statute of this State, for any cause, can, by any liberal interpretation of language, be regarded as a determination of officer or officers of special jurisdiction within the meaning of this section, the answer does not attempt to state by whom the tax was imposed.

---

* Present, BOSWORTH, C. J., WOODRUFF, HOFFMAN, ROBERTSON, MONCRIEF, and WHITE, JJ.

The parts of the answer demurred to are, in brief, that the defendant has a right to the possession of the premises in question as assignee of a lease of a specified date for a term of years, executed by the mayor, &c., in pursuance of a sale, by them duly made on a day named, of the premises in question, for the non-payment of a tax duly imposed thereon.

Such an answer is insufficient: it states none of the facts relied upon to show that a tax was duly imposed on the property, for the non-payment of which the mayor, &c., of N. Y., might lawfully sell it; nor, if one had been imposed, does it aver the further facts essential to create authority in that body to advertise and sell.

The order appealed from must be reversed, and judgment ordered for the plaintiff, but with liberty to the defendant to amend his answer, on payment of the costs of the demurrers prior to the appeal: the plaintiff's costs of the appeal to abide the event.