By the Court—Monell, J.
I am of opinion that, the plaintiff acquired the title of .Daniel B. Tallmadge, to the lot sought to be recovered in this action.
The decree in the bankruptcy proceedings vested in the official or general assignee, all the title Tallmadge had in the lot. (U. S. Bankrupt Act, §§ 3, 15.)
The order to sell was made by the Court, and the conveyance to the plaintiff under it, gave him all the title of Tallmadge. I cannot discover any want of power in the Court, to make the order, nor any irregularity in the proceedings or sale, which would vitiate it. The title of Tallmadge prior to the bankruptcy proceedings was not disputed.
The sale was under judicial authority, and therefore not within the prohibition of the statute of sales of lands in *65 the actual possession of a person claiming under a title adverse to that of the grantor. (Tuttle v. Jackson, 6 Wend., 224; Truax v. Thorn, 2 Barb., 159; Hoyt v. Thompson, 1 Seld., 320.)
The plaintiff, therefore, is entitled to recover, unless the defendant has shown a right to hold the premises under the corporation lease.
The statute which provides for tax sales, (Davies’ Laws, p. 864,) unlike the act which authorizes sales for assessments for improvements, (Laws 1816, p. 115, § 2,) does not make the lease evidence of the regularity of the sale, nor is it even prima facie evidence of the power to sell. (Tallman v. White, 2 Comst., 66.)
It was therefore necessary, in order to establish a title under the corporation lease, to show that every prerequisite to the power to sell had been complied with. (Jackson v. Shepard, 7 Cow., 88.)
The act of 1813 (2 R. L., 509, § 2,) prescribes the mode of laying or assessing a tax on real estate. The valuation is determined by assessors, who enter in a book or roll, the valuation, amount of tax, description of property and name of owner or person upon whom the tax is imposed. The book or roll is then signed by the assessors and deposited by them (in the country with the Clerk of the County,) with the receiver of taxes, (Laws 1843, 317, art., 2, § 1,) with a warrant annexed under the hands and seals of the Supervisors, (Id., § 2.) The 9th section of said act provides that immediately after the first of March, the receiver shall publish notice, notifying all persons who have omitted to pay their taxes, to pay the same on or before the first of April next thereafter. Section 1 of art. 3, of the same act, provides, that if the tax remains unpaid on the 15th of April, the Comptroller, upon being furnished with an affidavit that notice had been served by the receiver upon the person from whom the tax is due, as required by the 7th and 9th sections of said act, shall have power to sell.
The only evidence furnished by the defendant, was what *66 purported to be the, assessment, rolls for the years 1841, 1842,1843, for the 12th ward. Ho proof was offered or given to establish their authenticity. Ho evidence that they were indeed the tax books in which the tax on the lot was levied. Hothing to show the genuineness of the signatures of the assessors. In short, they were introduced and relied on, as if proving themselves, or as if the Court could take judicial cognizance of their verity. They were records, and susceptible of being proved in the usual manner ot proving such documents.
There was also an entire absence of proof of the affidavit required by the several sections of the act before referred to, without which the Comptroller had no power to sell.
, A question similar to this was before this Court in Carter v. Koezley, (9 Bosw., 583.) The defendant by his answer claimed the. premises under a corporation lease. The answer did not state by whom, for what causes, or under what- statute the alleged tax was “ imposed nor did it state the amount of tax, or that any part of it was unpaid. Upon demurrer the answer was held insufficient.
It seems to me the defendant’s evidence fell far short of establishing any right in the Comptroller to make the sale, and it follows that the lease, as proof of title, is not sustained.
If this view is correct, it is fatal to the defense.
Without, therefore, examining the, alleged errors and irregularities in the. sale, and subsequent proceedings intermediate the sale and the delivery of the lease,. I am of opinion that the direction given by the Judge to the Jury to render a verdict for the plaintiff was correct.
The plaintiff should have judgment upon the verdict.
Ordered accordingly.