Martin, J.
Two issues were submitted to the jury, viz.: whether Kinsey owned the note, and whether Baker could set off his judgment. In the charge nothing was said about the first issue. And the only instruction given was that the jury should consider the judgment a valid offset against the note. This was the entire charge, and is obviously faulty. It virtually assumes that due proof of Kinsey’s ownership had been made. It also assumes that proof had been made of extrinsic facts to constitute the judgment a set-off. For it was not of itself a set-off. It was joint and rendered after the transfer of the note ; and either circumstance distinguished it from a legal set-off. These assumptions withdrew from the jury any consideration of the testimony, and devolved on them the merely clerical duty of an arithmetical calculation. It is true that Kinsey cannot complain of the assumption that he was owner of the note, if the jury understood and received it as a fact. The verdict does not find an amount due Kin *408 sey, nor an amount set off — a finding quite as requisite under the statute (§ 5329 Rev. Stat.), where the set-off exceeds the debt as where it does not. The verdict is general — “We the jury do find for the defendant.” And the judgment is equally general. Either is more nearly responsive to the issue on the ownership of the note than to that on the set-off. Baker’s counsel earnestly contend that under the testimony the note belonged to Mrs. Kinsey, with whose means it was purchased- from Blystone. May not the jury through misapprehension of the charge have taken that view in arriving at the verdict ? The issue as to the set-off had been settled by rulings on demurrers to the answer and reply, and. the only material controversy was as to the insolvency of Rummell and Blystone. The extraneous fact of their insolvency as alleged in the answer having been adjudged sufficient to raise an equitable right of set-off, the testimony touching it should have been submitted to the jury under proper instructions. It seems to us that the virtual decision of that question of fact by the court was an invasion of the province of the jury, and a manifest error. -From these views it follows that the .judgment of reversal must be affirmed.
But as the case will be for re-trial in the common pleas, it is proper to inquire whether the issue as to an equitable set-off is well made; in other words, whether the alleged insolvency of Rummell and Blystone, if proved, would entitle Baker to set' off his judgment. Blystone transferred the note in suit to Kinsey after it was due. Kinsey took it subject to every equity and defense, including set-off, to which it was subject in the hands of Blystone. Was it at that time subject to a legal offset in favor of Baker ?
At law a joint debt cannot be set off against a separate debt. We may admit that the separate promise of the surety, Blystone, was a- legal set-off at Baker’s election. Baker, however, seeks to make this election after judgment. He is too late. In taking the judgment he exercised his right of election for his own advantage. The judgment .exhausted his right and extinguished the notes, which as to *409 bim must be held to have been always joint and therefore no legal offset. But were the joint notes an equitable set-off ?
The situation was this : Baker was in danger of losing his entire debt for which the three notes were given, on account of the insolvency of the makers. At the same time he was in danger of being compelled to pay the debt due to one of those makers. The injustice of allowing this is manifest, and gives rise to an equity in his favor to insist on a set-off, notwithstanding he has no such right at law. Pond v. Smith, 4 Conn., 297.
Prior to the Code system a court of chancery enforced the right. Under the Code (§ 5071 Rev. Stat.), defenses legal and equitable are preserved. And § 5076 Rev. Stat. provides for making a new party, if necessary, to a final decision upon a set-off, if, owing to the insolvency or non-residence of the plaintiff, or other cause, the defendant will be in danger of losing his claim unless permitted to use it as a set-off. This provision refers exclusively to an equitable set-off, and seems to recognize the precise equity we are considering.
It remains to determine whether the technical merger of the notes into the judgment is so perfect as to preclude Baker from resorting to the original cause of action for the purpose of enabling him to disclose and protect his right. We think that such controlling effect should not be given to the doctrine.
In Clark v. Rowling, 3 Comst., 216, the decision was based on the principle that the demand on which a judgment is rendered is not so complete as that courts may not look behind the judgment to see upon what it is founded, and to protect the equitable rights connected with the original relation of the parties. To the same effect are Wyman v. Mitchell, 1 Cow., 316 ; Raymond v. Merchant, 3 Id., 147 ; Betts v. Bagley, 12 Pick., 572; Rawley v. Hooker, 21 Ind., 144. The case of Clark v. Rowling, supra, was this: In February, 1845, Clark brought a creditor’s bill against Rowling to obtain satisfaction of a judgment rendered in *410 May, 1843, on promissory notes. Rowling answered that in December, 1842, he had duly applied, by petition in the proper court, for the benefit of the bankrupt act of 1841; that he was adjudged a bankrupt, and that in July, 1843, he was discharged from all debts owing by him at the date of his application. There was no opportunity to plead the discharge because judgment was taken before it was granted. It was contended for Clark that the notes were- merged in the judgment, which is a new debt not in existence at the time of the application, and therefore not affected by the discharge. But the court held that the discharge was available as a defense, notwithstanding the technical merger of the notes.
In the light of these adjudications we are of opinion that Baker is entitled, in equity, to set off his debt,-notwithstanding it is in judgment.

Judgment affirmed.