## FRANKLIN MOREY AND OTHERS, RESPONDENTS, *v.* HENRY W. FORD, APPELLANT.

*Demurrer to answer — the defendant cannot object on the ground of the insufficiency of any allegation of the complaint admitted by his answer — liability of a trustee of a mining company for a failure to file a report — 1848, chap. 40, sec. 12.*

The complaint in this action set forth two causes of action. In the first the plaintiffs sought to recover from the defendant, a trustee of a mining company, the amount due to the plaintiffs for goods sold and delivered to the company, upon the ground that the trustees had failed to file the annual report required by the act under which the company was formed. For a second cause of action the plaintiffs set forth a judgment recovered by them against the company. The defendant answered, admitting the filing of the certificate of incorporation alleged in the complaint and the failure to file the report, denying other allegations contained in the complaint and setting up the fact that he was himself a creditor of the company, in an amount exceeding that claimed by the plaintiff, and was entitled to have the amount of such indebtedness set off against the plaintiff's claim.

Upon a demurrer interposed by the plaintiff to the counter-claim or offset so set up:

*Held,* that the defendant having answered admitting the filing of the certificate of incorporation, and the failure to file the report, and taking issue upon other allegations of the complaint, could not upon the hearing of the demurrer interposed to the said counter-claim or offset challenge the sufficiency of the allegation of the complaint in regard to the filing of the certificate and the failure to file the report, upon the principle that he could not demur and plead to the same count.

*Wheeler* v. *Curtis* (11 Wend., 654) followed.

That as the failure to file the report made the trustees jointly and severally liable for all the debts of the company (sec. 12 of chap. 40 of 1848), the indebtedness of the company to the defendant constituted no defense to the action.

APPEAL from a judgment sustaining the plaintiffs' demurrer to a defense contained in the answer.

The action is brought against the defendant, as trustee of the Plata Verde Silver Mining Company, to recover the sum of $3,000 under section 12 of chapter 40 of the Laws of 1848, as amended, which renders the trustees of mining and manufacturing companies liable for the debts of the company, for a failure to file the annual report required by law.

The complaint alleges, in substance, that the Plata Verde Silver Mining Company was a corporation organized under the general manufacturing act of 1848, as amended, having become incorporated on the 14th day of July, 1879; that on the 3d day of June, 1880, and before the time for filing the next annual report, the said company became indebted to the plaintiffs in the sum of about $2,750 for goods sold and delivered to said company between November, 1879, and June, 1880, which debt became due and payable June 1, 1881, no part of which has been paid except the sum of $250. The complaint also alleges for a second cause of action that on the 12th day of December, 1882, the plaintiffs recovered a judgment against the said company in the Court of Common Pleas, New York county, for the sum of about $175, no part of which has been paid. It also alleges that the defendant Henry W. Ford has been since the 1st day of October, 1881, a trustee of the Plata Verde Silver Mining Company, and that the said company made default in filing and publishing its annual report in both the years 1882 and 1883, and that by reason of such

default the defendant became liable to the plaintiffs to the amount of the debts existing at the time of said default.

The answer admitted some and put in issue other of the material allegations of the complaint, and set up an indebtedness due from the company to the defendant, which he sought to have set off against the plaintiffs' claim. Upon the argument the defendant claimed that the facts as to the filing of the certificate of incorporation, and the failure to file the report, were insufficiently alleged in the complaint.

*Thomas H. Rodman,* for the appellant.

*Oliver E. Branch,* for the respondents.

BARNARD, P. J. :

Upon demurrer it is a general rule that the court will consider the whole record and give judgment against the party who committed the first error in pleading. (*Wyman* v. *Mitchell,* 1 Cow., 316; *Griswold* v. *Nat. Ins. Co.,* 3 id., 96; *Utica Ins. Co.* v. *Scott,* 8 id., 709.) This rule is subject to this limitation that when a defendant to whose pleading a demurrer has been interposed, has pleaded a plea such as the general issue going to the whole declaration or to a part of it, he cannot be allowed to go back to the declaration upon a demurrer to another plea or pleading, upon the principle that he cannot demur and plead to the same count. (*Wheeler* v. *Curtis,* 11 Wend., 654.) The defendant by answer has admitted that the copy certificate of incorporation was filed duly in New York county, and that the report called for by section 12 of chapter 40 of Laws of 1848, has not been filed in that county when by law it should have been. It is too late, therefore, to review the allegations in that regard stated in the complaint. So also as to the second cause of action. The allegation is that the plaintiff recovered a judgment for costs against the corporation. It does not appear what the action was for, whether for a tort or upon a contract, but the defendant has taken issue upon it and he cannot both plead and demur. The *People* v. *Booth* (32 N. Y., 397) was a demurrer to an answer for insufficiency. It was held that the complaint could be attacked. That was within the rule. An entirely bad answer is good upon demurrer where there is an entirely bad complaint. Upon the demurrer itself it was properly overruled. The defendant was a

trustee of a mining corporation incorporated under the general law. (Chap. 40, Laws of 1848.) In case of failure to make and file the report and publish it as required by the law, all the trustees jointly and severally are made liable for all the debts of the company then existing and which shall be contracted before this report shall be made. (Sec. 12.)

The defendant has answered, in addition to the admission made and to the general denial, that he was a creditor of the company to a large amount. It is not like the case of a stockholder sued for an amount equal to his stock. If he pays an amount to any creditor of the company equal to his stock he is free. (*Garrison* v. *Howe*, 17 N. Y., 458.) Or if he is himself a creditor to an amount equal to his stock he cannot be called upon to respond to another creditor for his debt. In the present case the trustee is liable for all the debts, and he cannot defend because he paid any sum short of the entire indebtedness of the company.

The order overruling the demurrer to the seventh section of the complaint, paragraphs seven to ten, should be affirmed, with costs to abide the event of the action.

DYKMAN and PRATT, JJ., concurred.

Order sustaining demurrer to part of defendants answer affirmed, with costs to abide event.