Service *against* Heermance.

ALBANY,
Feb. 1806.

Service
.v.
Heermance.

THIS was an action of debt on a judgment in this court. The defendant pleaded, that after the rendering the said judgment, and before the commencement of the present suit, to wit, on the 4th day of *June*, 1803, the defendant, being an insolvent debtor, within the true intent and meaning of the act, for giving relief in cases of insolvency, did, in conjunction with three-fourths of his creditors, &c. present a petition to the Recorder of the city of *New-York;* (which petition was in the usual form) and that such proceedings were thereupon had, agreeably to the said act, that the said Recorder, on the 26th day of *July*, 1803, did discharge the defendant, by a writing under his hand and seal; (which is set forth *verbatim*, in the plea.) The *discharge* recited the several proceedings, such as the petition, affidavits of creditors, accounts of the debtor on oath, notice to creditors to shew cause, on a certain day; that no cause being shewn, an assignment was made, and a certificate thereof given by the assignees, and that thereupon, the defendant was discharged from all debts then due, or contracted before that time. The plea concluded with an averment as to the identity of the defendant, and a verification.

To this plea the plaintiff *demurred specially*, and assigned for causes of demurrer, 1. that the defendant did not, in his plea, set forth *specially* all the facts and proceedings before the Recorder antecedent to his discharge; but merely alleged *that such proceedings were thereupon had agreeably to the act*, &c. 2. That the plea concludes to the court when it ought to have concluded to the country. To this there was *a joinder in demurrer*.

The demurrer was argued at the last term by *Riggs* for the plaintiff, and *Harison* and *Evertson* for the defendant.

SPENCER, J. now delivered the opinion of the court. The 11th section of the insolvent act, authorises the

*Marginal note:* A plea of a discharge under the *insolvent act*, need not set forth specially all the proceedings previous to the certificate of discharge. It is sufficient if the discharge itself be set forth *verbatim*. Where new matter is alleged in a plea, it must conclude with a *verification*.

ALBANY,
Feb. 1806.

Service
v.
Heermance.

pleading of the general issue, and giving the special matter in evidence, when the insolvent is prosecuted for a debt existing antecedently to the discharge; but this is a case where that provision became inoperative, because there is no general issue which could have been pleaded triable by the country, hence the necessity of a special plea.

There are then only two questions for consideration.

1. Whether the defendant was bound to set forth any thing further than his discharge under the act, by an officer having competent authority to grant it?

2. Whether the plea is correct in concluding to the court?

The plea stating the facts already mentioned, gives to the Recorder jurisdiction of the case; and the discharge is, by the 7th section of the act, declared to be conclusive evidence in all courts within this State, of the facts therein contained. It is not pretended that the discharge omits any material fact, but it is insisted that the facts themselves should have been pleaded, and not the evidence of those facts. In the very statute now under consideration, as well as in various others, our legislature have evinced a strong inclination, to render pleadings more succinct; and I take it to be a salutary principle, that where the matter tends to great prolixity, a concise manner of pleading is to be admitted.* It is now settled, that in setting forth the proceedings of an inferior court, it is sufficient to say, that a plaint was levied and thereupon *taliter processum fuit*,† such an act was done by the court. Those judicial officers, authorised by law to grant discharges to insolvents, I conceive to be, *pro tanto*, cloathed with all the powers of a court, and indeed, as it respects discharges on petitions to a judge of the common pleas, the court, *eo nomine*, hear and determine. The plea then having stated enough to give the magistrate jurisdiction, and the discharge being conclusive evidence, I think the particular facts need not be set out. In the case of *Cotterel* v. *Hook*,‡ the defendant plead the insolvent debtor's act in

* D. & E. 461. *Barton* v- *Webb*.

† 5 *Com. Digest*. E. 18. 402. 2 *Lev.* 81. *Doe* v. *Parmiter*, 3 *Lev.* 243. *Adney* v. *Vernon*. ibid 404. *Patrick* v. *Johnson. Shower* 48. *Simpson* v. *Merille*.

‡ *Doug*. 97.

discharge of his person. The plea stated that being committed to the King's bench prison, and continuing so at the time of his discharge, at a general quarter sessions held, &c. he was discharged according to the form and effect of the act. In *Marks* v. *Upton*,[*] is precisely the same plea, and these pleas were not objected to. In the case of *Ludbroke* v. *James*,[†] the Chief Justice says, that, if it had appeared that the sessions had jurisdiction, it would have been sufficient to have said generally, that the sessions had discharged him, and that they would not inquire into any facts necessary to be done by him, in order to obtain his discharge, of which the sessions were the only and the proper judges, and must be taken to have adjudged rightly. The insolvent act requires publications in three different papers, and notice upon the door of the court-house or gaol of the county where the insolvent resides. Creditors have not only a right to be heard, but may adduce witnesses in support of their objections. The law is sedulous to give them warning, and if after it, they decline to appear, or appearing, fail in their objections, it would be rigorous and absurd to compel the insolvent to state in his defence either what has not been denied, or sufficiently supported. To what end should all the facts conducing to his discharge be pleaded, for certainly they are not traversable, because the act makes the discharge conclusive evidence, and because without it, the law would intend the proceedings to have been regular. On this principle, I consider the present plea with respect to the several objections made to it, for not setting out all the facts essential to have been proved before the Recorder, perfectly unexceptionable. I will only add on this point, that the case of *Cole* v. *Stafford*,[§] contains the same doctrine I now lay down.

Next, as to the conclusion of the plea; there is no rule in pleading, better, or more universally established, than this, that whenever new matter is introduced, the pleading must conclude with an averment.[‖] The reason is obvious, because the plaintiff might otherwise be precluded from

ALBANY,
Feb. 1806.

Service.
v.
Heermance.

[*] 8 *T. R.* 305.
[†] *Willes.* 201.

[§] 1 *Caines,* 249.

[‖] *Doug.* 60. *Chandler* v. *Roberts*, and the cases there cited. 2 *D.* & *E.* 576. *Henderson* v. *Withy.*

ALBANY,
Feb. 1806.

Trustees of
Randall
v.
Rensselaer.

setting forth matter which would maintain his action, though the matter pleaded by the defendant be true. Had the present plea concluded to the country, the matters of fraud which the plaintiff might have replied, under the twelfth section of the act, would have been excluded. The demurrer must be overruled; but as the plaintiff has asked leave to withdraw it should the court think it untenable, it is the opinion of the court, that the plaintiff have leave to withdraw his demurrer, on payment of costs.

                                    Demurrer overruled.