Kirkpatrick C. J.
The plaintiff’s state of demand, in this case, is the copy of an account, running from the 27th of July, 1815, till the 13th of January, 1816, inclusive of both days. The defendant pleads, first, that he is not indebted; and secondly, admitting the debt, he pleads a discharge under the statutes for the relief of persons imprisoned for debt, made by the judges of the Court of Common Pleas, of the county of Burlington, on the 29tli of March 1816 ; whereby he is discharged from all debts contracted before the 14th of February 1816, so far as regards the imprisonment of his person; and therefore prays the judgment of the court.
Upon the trial, the defendant produced a paper, which he called his discharge, purporting to be a copy of an order of the said court in his case, entered in their minutes, and to be certified by the clerk, under the seal of the said court.
The plaintiff replied to this, that he had not received notice from the defendant, of the time and place of the *88 meeting of the court, to hear what could be alleged for or his liberation, as by law he ought to have done; and that therefore he is not bound by the said discharge. And f¿pr the defendant’s failing to prove this notice, the discharge was not received in evidence, and a general judgment was entered against the defendant.
The only objection which presents itself, respects this notice. The debtor, upon presenting his petition to the court, is to set forth, among other things, a list of his creditors, with the monies due, and owing to each of them, to the best of his knowledge; he is. to give to such creditor, if residing within the State notice of the time and place of the meeting of the court, to hear what can be said for or against his liberation, either by serving the said notice on him personally, or leaving it at his usual place of abode ; and he is also to cause it to be inserted in the public news papers. Now, it is the duty of the court, and no doubt it is their practice also, before they make their discharge, to see that all these prerequisites have been strictly con-plied with; and the discharge itself is prima facie evidence, that they have done so. They are the judges of the proof of notice, it being part of their jurisdiction, and of the subject matter upon which they are to adjudicate. And therefore, if want of notice could be alleged by the plaintiff, at all, it was incumbent on him to shew it, and not on the defendant to prove the service. This too, is the doctrine in the English courts on similar statutes. Espinasse, Buller, Bacon. Indeed, a contrary doctrine would be most unreasonable, and in most cases would render these discharges wholly nugatory ; for how would it be possible, for a man to carry with *him witnesses throughout life, to prove these notices ? No such proof having been made here, let judgment be reversed.
Southard J.
The plaintiff below, sued upon a common running account. The defendant pleaded, in writing, that he had been discharged by the court in Burlington, under "'the insolvent law of this state. The plaintiff verbally replied, that he had received no written notice of his application for discharge, and that therefore, that discharge could not operate ujron him. In this state of *89 the pleadings, they went into the trial, and the defendant produced a paper, certified under the hand and seal the clerk of the county of Burlington, “ to be a true copy of the original entry, in the minutes of said court, in the following words.” (Sec case.)
No other evidence, on either side was offered, and the justice rendered judgment in favour of the plaintiff, for the amount of his debt. To this judgment, it is now objected, that it is illegal; because the certificate of the clerk, is plenary evidence of a proper discharge, under the insolvent laws, and that every one, who wishes to charge a defendant, under such circumstances, must shew a failure in the debtor to comply with the law so far as related to himself.
In entering upon the investigation of this case, the first inquiry which appeared to require attention, was; how far the debtor is obliged to give notice to his creditors, and what he must prove on this point, before the court wil 1 hear his application. The law, after prescribing how a time and place is to be appointed, for the bearing, says, “ of which time and place, so appointed by the court, the debtor shall cause notice thereof, in writing, at least thirty days previous thereto, to be served on, or left at the usual place of residence, of each of his or her creditors, if resident within the State, and have the same inserted in two news papers,” &c. The injunction of this act, is positivo. The notice is to be served on each; it is a prerequisite to the hearing; it is necessary to give the court authority to hear his application and discharge him.
And without there is proof of the service of every notice, the court should refuse to proceed. This appears to me, not only the requirement of the law, but the dictate of common justice. The debtor makes out bis own list of creditors; lie acknowledges their debts, and asks the court to free him from *them. Ought they not to be heard ? Shall their rights be tried and judgment pronounced on them, without their knowing that the trial is to take place? We should think this grossly unjust in every other case ; it is equally so in this, and I am sure the law never intended it.
But it may so happen, that the debtor may either *90 fraudulently, accidentally, or ignorantly neglect to put the name of some creditor in his list, or may omit to serve notice upon some who are there, and the court may, notwithstanding, permit his discharge. This is probably the situation of Slack, in the present instance. How far will the omission operate ? I have no doubt, but the claim of such a creditor, will, in every respect, remain uninjured. He may plead, that he did not receive notice, and if it so appear, he shall recover judgment and have execution against the body, as well as goods. The omission of his name, was a fraud in the debtor, and if it took away his rights, the debtor would be rewarded for his fraud, and he be condemned unheard. The law has determined otherwise; it has directed that each creditor shall have written notice of the hearing; and if he have not, the discharge ought not to operate upon him.
The plea then, of Jay, in this case, was a good one. The replication by Slack, was equally correct. Let us see how the issue was maintained, on both sides. The only testimony offered, was by Jay; and consisted only of the certificate, which I have before referred to. It was admitted. Was it legally admitted ? Is it in itself, competent evidence ? The counsel of Slack, maintain the negative. They tell the court
1. That it is not a certified copy of a record of the court of Burlington county, but a mere certificate of facts which occurred. If they are correct, the evidence was in every shape inadmissable. No certificate of facts, by any clerk, can be evidence. But they have certainly erred in this matter. The style, it is true, is incorrect, though I believe, not an unusual entry of a judgment of a court. It is in the past tense, “ Jay appeared,” &c.; and the court being satisfied, “ did order and direct.” But notwithstanding this is so, yet it is manifestly a certified copy of the record. The clerk, under his official seal, says that it is so, and we are bound to believe him, and receive it as such. But
2. It is objected, that it is a copy of an entry on the minutes, *and not a copy of the judgment of the court. If this be true, still I think it is admissable evidence. Whether it proves the fact, and is sufficient evidence, is another inquiry. But why is it not sufficient ? Can any *91 thing more, can any other record be obtained ? Is any other ever made, in cases of insolvency ? I believe not. I know no other record of judgment, in insolvent applications, than the certificate of discharge, which is a recital by the court, of the facts which have taken place, and their order upon those facts. No other is directed by the statute, and with regard to the matter of notice, now in controversy, it is impossible that a better should be made. This is matter of evidence, upon which the court are to decide, but it cannot in any way be incorporated into their judgment. A record of a judgment, containing it, would be an anomaly, in judicial proceedings. There is, in truth, no other record ever made; and the justice judged correctly when he received it.
We have now approached, what I apprehend to be, the real question in this cause; and that is, what is to be the operation of this record or certificate, when admitted? We are told, that its operation is to be, to prove merely the fact of the discharge of the debtor, but that it goes no farther; that he must, by copies of the other records, shew his petition, and every other step necessary to authorize the court to discharge him; and we are referred to cases, where the assignee of a bankrupt sues, and where he is obliged, in order to maintain his suit, to shew every step taken in the progress of the bankrupt to his final discharge, and where a failure in one step, defeats the claim. The cases are so ; the books justify tjie positions laid down. But they do not prove the point contended for : they do not even prove, that if the bankrupt were sued, he must do all this in order to keep his body out of prison ; much less do they prove this fact in the case of an insolvent debtor. The bankrupt and insolvent systems, are radically variant; their objects are different, and the adjudications respecting them, are equally so. It is not necessary for the assignee of an insolvent debtor, when he sues for the property, to produce all these records and papers. The certificate, made at the court, which discharged him, is prima facie evidence of the due discharge and of all the proceedings under the act; and if there be any fraud or irregularity in the proceedings, it is incumbent on the defendant to prove it. Bull. 173. And *92 why is it so ? *It is founded on one of the plainest most common principles, which are to be found in our law books, viz. that where a court has jurisdiction, their judgment is prima facie evidence of the matter, and of such facts as are necessary to authorize the judgment. The insolvent presents his petition to the judges, as to a court; they proceed as a court, and after being satisfied of the regularity, correctness, legality, and fairness of his proceedings, they enter upon their minutes, upon their ordinary records; the judgment they have formed, and the order which they make thereon. And here is a broad distinction between this and bankrupt cases. Their proceedings are altogether dissimilar, and hence the different adjudications in the law books, respecting them.
In Ladbroke v. James, Willes, 199, it was held sufficient for an insolvent, in pleading his discharge,'merely to state the fact which gave the court jurisdiction, and then allege generally, that the court gave a judgment to discharge him. And in Service v. Heermance, 1 John. 91, the same doctrine is maintained, and by both these cases, it is proved, that where the court giving the discharge, has jurisdiction, no inquiry would be made into any facts necessary to be done by the insolvent, in order to obtain his discharge, of which that court, were the only and proper judges, and must be taken to have adjudged rightly; that the law would intend the proceedings to be regular. Many other cases might be brought in aid of this principle.
And I think the position may be fairly assumed; that the insolvent debtor, in order to maintain the plea of his discharge, need only shew the order of the court for that purpose, and that he need not shew his petition, inventory, list of creditors, or any of the previous proceedings on which that order is founded ; but that the law will intend that they are regular, and he who would take advantage of any defect in them, must himself shew it.
If this position be correct, then Jay shewed all that he was bound in the first instance, to shew : and it results, as the consequence, that if Slack intended to maintain his replication, he ought to have done it by proper evidence. *93 Had lie done so, the judgment of the justice, would have been right. As it is, it is wrong.
This decision puts no greater hardship on a creditor, than is always put upon a party, where he comes into court to maintain *that which is contrary to what the law presumes. He must shew the presumption to be without foundation.
By the Court Let judgment of reversal be entered, in th.e unanimous opinion of the court.
Judgment reversed.