## McCormick *vs*. Pickering.

In pleading a discharge granted under the voluntary provision of the late bankrupt act it is necessary to state that the bankrupt resided within the district where the discharge was granted, that he owed debts not created in consequence of a defalcation as a public officer, &c., and that he presented his petition to the proper court containing the matters required by the act.

Where the necessary facts are stated to give the district court jurisdiction, the regularity of the subsequent proceedings will be presumed and need not be averred.

In pleading a discharge in bankruptcy, it is not necessary to state that notice to the creditors was published, or that objections were or were not made to the decree, or that the requisite time had elapsed before the decree was granted.

An averment in such a plea that the petition for a discharge was *filed* is good without stating in terms that it was *presented* to the court.

And the plea need not contain a special averment that the debt which is the subject

McCormick *v*. Pickering.

of the suit against the bankrupt was included in the schedule of debts annexed to his petition.

A plea of bankruptcy to debt on bond held good, although it only hypotheti- [277] cally admitted the execution of the bond.

The voluntary branch of the late bankrupt act is authorized by the constitution, and therefore valid.

This court, it seems, will not reverse a judgment rendered in a subordinate court overruling a demurrer, where the defect in the pleading demurred to was formal and technical merely, and should have been amended by the court below.

McCORMICK brought an action of debt in the supreme court against Pickering, on a bond dated Oct. 10, 1836, in the penalty of $4000. The defendant pleaded, 1st. Non est factum. 2d. A discharge as a bankrupt under the act of congress passed August 19th, 1841. This plea alledged, that on the 2d of February, 1842, the defendant resided in the city of New-York within the southern district of New-York, and was then owing debts not contracted in consequence of defalcation as a public officer, nor in any other fiduciary capacity, &c. (following the language of the act,) and was then and there a bankrupt within the true intent and meaning of the act, and entitled to all its benefits; that on that day he presented his petition to the United States district court for such district, setting forth truly, according to his best knowledge and belief, a list of his creditors, their places of residence, and the amount due to each, together with an accurate inventory of his property, rights, credits, &c. of every name and description, and the location and situation of each and every portion thereof; also setting forth that he, the said defendant, was unable to meet his debts and engagements, and praying for the benefit of said act; which petition was duly verified by his oath; that upon the presentation of said petition such proceedings were had thereon that the said defendant afterwards to wit, on the 4th of March, 1842, was duly ordered and decreed to be a bankrupt; that further in pursuance of said act, the defendant on the 14th day of June, 1842, *filed* his petition in due form in said court as required by said act, praying that a discharge from all his debts be decreed and allowed to him by said court, and that a certificate of such discharge be granted to him; that upon the *filing* of such peti-

tion, such proceedings were had thereon, that afterwards, and [278] on the 22d day of June, 1842, a final discharge and certificate were granted to him in and by said court. The plea then set forth the discharge in the usual form, and averred that the supposed bond set forth in the declaration, *if any such was made,* was made and accrued before the presenting of the said petition to be declared a bankrupt, and was provable under the act aforesaid, also that the supposed debt mentioned in the declaration was not created in consequence of any defalcation of the defendant as a public officer, or as executor, &c., or while acting in any other fiduciary capacity; and the plea concluded with an averment that such discharge and certificate were a full and complete discharge from all liability on account of the said supposed bond, &c. The plaintiff demurred to the plea of bankruptcy, and the defendant joined. The supreme court overruled the demurrer and gave judgment for the defendant. The plaintiff appealed to this court. The questions raised by the demurrer will sufficiently appear in the opinions of the judges.

*P. Y. Cutler,* for appellant.

*Wm. Curtis Noyes,* for respondent.

RUGGLES, J. The first objection to the defendant's plea of his discharge in bankruptcy, is, that it does not state the facts necessary to give jurisdiction to the district court of the United States, for the southern district of New-York, to grant the discharge.

The first section of the bankrupt act of 1841, enables all persons whatsoever, residing in any state, district, or territory of the United States, owing debts which shall not have been created in consequence of any defalcation as a public officer, or as executor or administrator, guardian or trustee, or in any other fiduciary capacity, who shall, by petition, containing certain specified facts and statements, and verified as therein directed, to apply to the proper court for the benefit of that act. And the same section declares that all persons so applying shall be deemed bankrupts within the purview of the act, and may be

so declared by a decree of such court. By the 7th section of the act, the petition must be presented and the proceed- [279] ings had in the district court of the United States within and for the district in which the applicant shall reside or have his place of business, at the time when the petition is filed.

The facts, therefore, to be stated distinctly in the plea, for the purpose of showing the jurisdiction of the district court to grant the discharge, are 1. The residence of the defendant, which must be stated for two purposes, to wit, first, to show that he is within the class of persons entitled to the benefit of the act, and next, to show that his application is made to the proper district or territorial court; 2d. That he owed debts, not created in consequence of a defalcation as a public officer, &c. as above specified in the act; 3d. That he presented his petition to the district court of the district in which the defendant resided or had his place of business, and that his petition contained what the act required it should contain.

These facts are all distinctly and directly stated in the defendant's plea. They show that the court which granted the discharge, had jurisdiction of the case, and that it was set in motion by the presentation of the petition. Thenceforward the legal presumption is in favor of the regularity of the proceedings. And the plea goes on accordingly to aver, that upon the presentation of the petition to the court, such proceedings were thereupon had, that the defendant was afterwards, on the 4th of March, 1842, duly decreed to be a bankrupt, &c. In this respect, the plea appears to have been drawn according to the principles laid down long ago, in our own courts, and often repeated. (1 *John.* 91; 7 *id.* 75; 10 *id.* 161; 1 *Cowen,* 319; 20 *John.* 288; 24 *Wend.* 364; 1 *Denio,* 331, 332; 5 *Hill,* 350; 6 *id.* 607; 1 *Comst.* 505.)

The first section of the statute requires the bankrupt, in his petition, to declare himself unable to meet his debts and engagements; and the plea shows that this was done. The plea states also, directly and affirmatively, that the defendant was a bankrupt within the meaning of the act. It was unnecessary for him to state, in any other language, that he owed debts

McCormick *v.* Pickering.

which he was unable to pay. The statute contains no such [280] definition of a bankrupt. The general averment that such proceedings were thereupon had, showed sufficiently that the court took the petition into consideration, and acted on it.

It was unnecessary to aver that notice was published to the creditors, or that objections were or were not made against the decree made by the court, or that twenty days had elapsed before the decree. Jurisdiction being shown, all the subsequent proceedings are presumed to have been regular.

The plaintiff further objects that the plea does not aver that the second petition (the petition for a discharge after the decree that the defendant was a bankrupt,) was presented to the court, but merely states that it was filed. The language of the plea in this particular, is the language of the 4th section of the act, and is therefore sufficient. The averment that such proceedings were had on filing the petition that the defendant was discharged by the court, shows that the petition was before the court, and was the ground of its action. A special averment that this debt was included in the schedule, was unnecessary. There is an averment that the petition set forth a list of the bankrupt's creditors, their respective places of residence, and the amount due to each. This was enough. It must be supposed to include the plaintiff's demand. Whether it did or not was not a fact on which the jurisdiction of the court depended.

The averment that the debt was provable under the act is also sufficient, although in speaking of the bond the plea does not expressly admit its validity or the existence of the debt. The plea says, if there was any debt it was provable under the act. The defendant was not bound to admit it for the purpose of making the discharge valid. It may have been stated in the lists of his debts as a disputed claim to be contested by his assignee, and it was only necessary for the defendant to show that if it was a valid debt his discharge operated upon it.

Whether under the technical rules of pleading it was necessary to confess it, for the purpose of avoiding it by his discharge, is a different question. The averment is " that the said supposed writing obligatory, *if any such were made,* was made be-

fore the presenting of the petition first above set forth to be declared a bankrupt," " and was provable under the act [281] aforesaid," &c. Admitting the strict technical rule of pleading to require that the defendant in a plea of avoidance shall give color to the plaintiff by admitting a *prima facie* cause of action, which but for the matter of avoidance would have entitled him to maintain his suit, we think the technical rule has been sufficiently complied with in other parts of the plea in which the bond is referred to without the objectionable words " if any such were made." In the next paragraph but one of the plea, the defendant avers that the discharge previously set forth in the plea, is " a full and complete discharge of him the said defendant of and from all claim or liability to the plaintiff for or on account of the said supposed bond or writing obligatory in the declaration described and set forth." This clause in the plea contains a sufficient admission and gives sufficient color to satisfy the technical rule of pleading. One admission in the plea is enough. If the general issue were struck out, no doubt could be entertained that the defendant on the trial would hold the affirmative, and be put to his defence without proof of the bond.

But if on this point the case stood alone on that part of the plea which contains the words " if any such were made," I should hesitate in assenting to a reversal of the judgment for such an informality merely. In looking at the issue we find that the defendant's first plea was *non est factum*, which put the plaintiff to the proof of his bond on the trial; so that if the bond had been admitted in the special plea, the admission could not have helped him; nor could the insertion of the objectionable words, by excluding the admission, have been of the least disadvantage to him. They did not vary the proof which the plaintiff had to give to maintain the issue, or in any other respect affect the merits of the case. The defect was merely formal. It might have been amended in the court below, before or after judgment, (2 *R. S.* 424, §§ 1, 4,) and with or without costs, which in such cases are in the discretion of the court. This might have been done on the argument of the special demurrer, and a judgment for the defendant might thereupon have been

rendered, in which there could have been no pretence of error: [282] and if the court was not justified in looking on the words objected to as mere surplusage, and rendering a judgment on that ground, I think they ought to have struck out the words by way of amendment, and thereupon rendered the same judgment which we find on the record. The judgment therefore is right, and ought not to be reversed here on the ground merely that the court neglected to make a formal amendment which might and ought to have been made.

The remaining point on the part of the plaintiff is that the bankrupt act, as far as it authorizes the discharge of a pre-existing debt on the voluntary application of the debtor, is unconstitutional. This point however was not argued. We are of opinion that this question ought now to be regarded as settled in favor of the validity of the act, by decisions in the United States courts, to which it properly belongs to bring it to a determination. One of the district courts, that in Missouri, adjudged the voluntary branch of this act to be unconstitutional; but on the coming of the question into the circuit court the decision was reversed, and the act declared to the valid. (1 *How. U. S. Rep.* 267, *opinion of Mr. Justice Catron.*) The question has never been brought directly before the supreme court of the United States, because there is no provision in the act authorizing that court to review the decisions of the circuit courts sitting in bankruptcy cases. But it is understood that the circuit courts have without exception affirmed the validity of the entire act. The supreme court of this state has passed directly upon the point in controversy, in the case of *Kunzler* v. *Kohaus*, (5 *Hill*, 317,) two of the judges, Cowen and Nelson, upholding the validity of the act, against the opinion of Mr. Justice Bronson. In Massachusetts its constitutionality was affirmed, in the case of *Thompson* v. *Alger*, (12 *Metc.* 428.) I am not aware that it has been adjudged unconstitutional by the higher courts of any state in the Union, although a multitude of cases must have arisen in which that question may have been raised in nearly every state in the Union. The judgment should be affirmed.

McCormick *v.* Pickering.

GARDINER, HURLBUT, HARRIS, PRATT and TAYLOR, Js. [283] concurred.

BRONSON, Ch. J. (dissenting.) The question whether the voluntary branch of the late bankrupt law is constitutional, (*see Sackett v. Andross*, 5 *Hill*, 327,) belongs ultimately to the supreme court of the United States ; and although that court has not yet decided the question, it is understood that a majority of the judges have in their circuits, or elsewhere, expressed opinions in favor of the validity of the law. On that ground, and without saying what our opinions would be if the question could be regarded as an open one, we are all agreed in overruling the objection that the law is unconstitutional.

But the plea is bad for not confessing the action which it attempts to avoid. The words are, " that the said supposed bond or writing obligatory, *if any such were made*," was made before presenting the petition in bankruptcy. The plea should have confessed the making of the bond, and then set up the discharge by way of avoidance. The demurrer is special ; and it is well settled, both here and in England, that the objection to the plea is fatal. It will be enough to refer to two recent cases, one in each country, and both directly in point. (*Conger v. Johnston*, 2 *Denio*, 96 ; *Margetts v. Bays*, 4 *Ad. & Ellis*, 489.) Following the law as I find it, and leaving amendments to the legislature, I think the judgment should be reversed.

JEWETT, J. concurred in that opinion.

Judgment affirmed.